IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                            5:03cr5/MCR
                                                  5:08cv266/MCR/MD

STACY L. BUTLER,
          Defendant.

## REPORT AND RECOMMENDATION

This cause is before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 78). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

Defendant pleaded guilty pursuant to a written plea and cooperation agreement to charges of armed bank robbery and carrying and brandishing a firearm during and in relation to a crime of violence and was sentenced on July 7, 2004 to a term of 387 months imprisonment. He did not appeal.

On September 22, 2005, the court received a motion/application to proceed for transcript *in forma pauperis*. (Doc. 70). The court denied the motion without prejudice, noting that no notice of appeal had been filed and the time to do so had long expired. The court also stated that if the defendant intended to pursue collateral relief under 28 U.S.C.

§ 2255 or § 2241, he needed to file his petition and resubmit his application to proceed *in forma pauperis* no later than October 28, 2005. (Doc. 71). Defendant filed nothing further until November 20, 2006, when he filed a notice/affidavit in which he stated that he wanted to withdraw his guilty plea and accused his trial counsel of ineffectiveness because counsel had "forced" and "tricked" defendant throughout counsel's representation of him. (Doc. 72). On November 22, 2006, the district court entered an order stating that the court no longer had jurisdiction over the defendant's criminal case because of the length of time that had elapsed since the judgment of conviction. (Doc. 73).

Nothing further was heard from the defendant until May 12, 2007, when he filed a letter motion to reduce sentence pursuant to § 3582(c)(2) due to a retroactive amendment pertaining to convictions under 18 U.S.C. § 924(c)(1). (Doc. 74). Defendant's letter motion was construed by the clerk and by the district court as a motion to reduce his sentence as a result of retroactive application of guidelines amendments to crack cocaine offenses. (Doc. 74, 75). It was denied on June 10, 2008 because defendant's guidelines sentence was not "calculated or based upon a conviction for cocaine base." (Doc. 75).

Defendant filed a notice of appeal signed August 21, 2008, indicating that this appeal was of the final judgment or order "arm bank brandishing firearm, count landed guilty plea entered in this action on the 20th day of July 2004." (Doc. 76). The instant motion to vacate also bears the signature date of August 21, 2008. (Doc. 78).

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims
>presented could have been discovered through the exercise of
>due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App.P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, defendant's conviction and sentence became final when this period expired, ten days after the July 20, 2004 entry of judgment in his criminal case, or August 3, 2004. See Fed.R.App.P. 26(a)(2). Therefore, to be timely, his § 2255 motion had to be filed not later than one year from that date, or August 3, 2005. His motion is facially untimely.

In the motion, defendant raises two issues that could be construed as grounds for relief. He contends that the government breached the plea agreement for unspecified reasons, and that his counsel was constitutionally ineffective in advising him to enter the plea agreement. With respect to the untimeliness of his motion, he asserts that it should be excused because he is not knowledgeable in the law, as evidenced by the fact that he paid a prison law clerk to file his § 2255 motion, and because some of his property was lost during Hurricane Rita, including a "timely 2255," which justifies equitable tolling. Several documents are appended to the defendant's submissions. First is a copy of a claim for damage, injury or death, in which he asserts that his property was lost on September 30, 2005, nearly two months after a facially timely § 2255 motion should have been filed. Next is a memorandum from the U.S. Department of Justice regarding a claim defendant filed about loss or damage to personal property. The claim was filed on June 5, 2006, again, well after a facially timely § 2255 motion would have been due. Finally, there is a letter from Jose Francisco & Associates Legal Research Center requesting copies of defendant's PSI, Indictment and appellate briefs, indicating that after review of those documents Mr. Francisco would advise whether he could be of assistance. This letter is dated August 8, 2005, again, after defendant's § 2255 should have been filed. None of these attachments establish defendant's entitlement to equitable tolling of the one year statute of limitations on filing § 2255 motions. See *Neal v. Secretary, Department of Corrections,* 271 Fed.

Appx. 893 (11th Cir. 2008) (equitable tolling requires allegations of extraordinary circumstances or due diligence); *Downs v. McNeil*, 520 F.3d 1311, 1322 (11th Cir. 2008)(same; also holding that ordinary attorney negligence, ie. with respect to a filing deadline or failing to raise a potentially meritorious claim, does not warrant equitable tolling, but that serious attorney misconduct can constitute "extraordinary circumstances" justifying equitable tolling); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling warranted "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.")   Thus, his motion should be summarily dismissed.

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 153)  be summarily DISMISSED as untimely.

At Pensacola, Florida, this 27th day of August, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:03cr5/MCR; 5:08cv266/MCR/MD*